# CHARLESTON

### WILLIAMS V. CARR *et als.*

Submitted March 23, 1915.   Decided April 6, 1915.

1. JUDGMENT—*Res Judicata—Prior Decree—Subrogation.*

   A pendente lite purchaser, who is also the purchaser of the same property at a judicial sale thereof subsequently decreed in the cause, is not concluded or estopped by a decree on his petition filed therein denying him credit on his notes given the special commissioner, for deferred payments of purchase money, for reasons alleged, from other relief against said notes based on matters subsequently occurring, and discharging his vendor from a large portion of the debt for which his land was decreed to be sold, and to whose rights petitioner is entitled to be subrogated, on the terms of his original purchase of the land.   (p. 142).

2. PRINCIPAL AND SURETY—*Discharge of Sureties—Effect—Liability of Sureties Not Discharged—Injunction.*

   Where two only of several sureties on a bond of indemnity appeal from a joint decree against all in favor of the obligee therein, and on grounds of defenses peculiar to them, and growing out of the conduct of the obligee towards the principal in the bond, such decree is reversed, and the bill dismissed as to those appealing, and whereby the surety not appealing is deprived of right of contribution from his co-sureties, equity at the suit of the surety remaining bound by the obligation and the decree thereon, or of his assignee, will enjoin the obligee from collecting from him a greater amount than his just and equitable proportion of the debt or obligation so decreed against him and his co-sureties.   (p. 143).

   (LYNCH, JUDGE, absent.)

Appeal from Circuit Court, Harrison County.

Suit by Mathias T. Williams against William H. Carr and others.   From a decree for defendants, plaintiff appeals.

*Reversed and remanded.*

*Ernest D. Lewis*, for appellant.

*A. Judson Findley* and *Smith & Jackson*, for appellees.

MILLER, JUDGE:

Plaintiff and appellant, a pendente lite purchaser, and also a purchaser at the judicial sale of the same land subsequently

decreed in the suit of Carr against Rezin C. Davis and others, seeks cancellation of his two notes of four hundred and fifty dollars each, executed to the special commissioner, and to have said notes surrendered, and the land conveyed to him discharged of all further claims thereon on account of the decree made in exoneration of Carr, surety on the bail bond of one Sutton, and to whom Sutton, as principal, with Davis and J. M. and H. G. Myers, as sureties, bound themselves by an indemnifying bond.

On Sutton's failure to appear his default was recorded, and the State, on September 12, 1907, had judgment against Carr on his recognizance for twenty five hundred dollars, and execution awarded thereon. The bill alleges, as the fact is, that prior to said judgment and execution, but after Sutton's default, Carr, on January 19, 1907, claiming to be a creditor of Davis, by reason of said indemnity bond, instituted suit against him and his son Edward R. Davis, to set aside as voluntary and fraudulent, a certain deed alleged to have been made by father to son, but not recorded, and to require defendants, out of the property conveyed, to contribute the full share of Rezin C. Davis, in satisfaction of the penalty in said bail bond, in exoneration of said Carr, and that said deed be held void as to so much of said penalty, and for general relief.

The bill further alleges that pending this suit, and after lis pendens recorded by Carr, plaintiff purchased the property from Davis, at the price of thirty five hundred dollars, paid and agreed to be paid as follows; to Rezin C. Davis, cash $100.00; to Guy C. Davis, a vendor's lien on the property, $1,326.00; to Strecker Brothers Co., $1,000.00, secured by a deed of trust on the property; to F. M. Davisson, constable, $300.00, the amount of a judgment and execution, constituting also a lien on the property, and for the balance executed to Rezin C. Davis his note due April 1, 1908, for $756.60, subject to the following condition, namely, that if said property should become liable to the payment of said bond executed by said Rezin C. Davis and others to said Carr, or to the payment of any part thereof, that then he should apply the amount of said note, or so much thereof as should be necessary to pay off and liquidate such liability or claim,

and all the costs and liabilities incurred by him in defending his title to said property.

The bill further alleges that in another suit brought by Carr against Davis and his son Charles H. Davis, to set aside, on the same ground, another deed from father to son, and resulting in a like decree and sale of the property conveyed, Carr had realized the sum of $1,068.00, then remaining in the hands of the special commissioner, and that this sum together with the $450.00 cash payment made by plaintiff to said special commissioner, making in all the sum of $1,518.00, realized by Carr, was more than Davis' just proportion of the decree against the sureties in said indemnity bond; and that as the money realized from the sale of the property conveyed by Davis to his son Charles H., without consideration, was first liable, and plaintiff had already paid to said commissioner enough to make up Davis' pro rata. share of said liability, and had paid incidental expenses in defending his title, beyond the amount of his note given Davis for balance of purchase money, he was entitled, under the terms of his contract, to the surrender of his two notes given said special commissioner, and to a deed from him for the property; and for the further reason alleged and about to be stated, that Carr by his conduct had released J. M. and H. G. Myers, Davis' co-sureties, and had thereby also released him pro tanto from liability on said bond and the decrees thereon.

And as further evidencing the release of said Myerses the bill further alleges, that upon appeal by them from the final decree in another cause of Carr against Sutton, Davis, and them, of October 26, 1909, adjudging said Sutton and wife insolvent, and Davis and the said Myerses liable to pay the State the amount of the judgment aforesaid against Carr, in exoneration of said Carr, and decreeing also that they pay the same to the State for that purpose, this court, *Carr* v. *Sutton,* 70 W. Va. 417, reversed that decree, and because of Carr's neglect to perform the obligation of his own bond, as shown by the record, thereby adjudged that appellants were also entitled to be discharged from their bond, and further decreeing that the decree appealed from be reversed as to said appellants, and that as to them the bill be dismissed.

Wherefore, plaintiff further alleged, that notwithstanding said decree stood unreversed as to Davis, who did not join in said appeal, and who is now insolvent, and notwithstanding the two subsequent decrees against him in the other suits, Davis was thereby discharged pro rata from all liability to Carr on said indemnity bond, and the decrees thereon as aforesaid; and that as Davis' one third liability thereon had already been discharged by the sales and purchases of his land aforesaid, plaintiff was entitled to a decree surrendering his two notes and to a deed for the land from said special commissioner.

To this bill Carr pleaded former adjudications, binding appellant and Davis, namely, the decree aforesaid, reversed here upon the appeal of the Myerses, the decree in the suit of Carr against Davis, in which appellant purchased a part of the Davis property, and lastly, the decree upon the petition of appellant filed in said cause, pronounced before said decree of reversal, and dismissing the Myerses from the suit, denying appellant subrogation to the lien of Guy C. Davis paid by him as aforesaid, and as a credit on his said notes.

In our opinion the decree on appellant's said petition, not appealed from, was not an adjudication on the merits of the bill now before us. That petition presented only the claim of appellant to be subrogated to the rights of Guy C. Davis, a very different question from the one presented by his present bill. The question now is whether the decree of this court reversing the decree below, and absolving the Myerses, Davis' co-sureties, pronounced subsequently to the several decrees pleaded and relied on, is conclusive of plaintiff's rights in the premises.

After a careful consideration of the facts, and the authorities on the subject, we have reached the conclusion, that Davis is not estopped by either or all of said former decrees. If Davis was not concluded thereby, appellant cannot be, for he stands in the former's shoes. The record shows that appellant paid full value for the property purchased from Davis, and if, as he alleges, and the fact may be, he has by his cash payment to the special commissioner, and costs and expenses incurred in defending his title, paid off his note given Davis for the balance of purchase money, any surplus

arising from the sale by the special commissioner would be going to Davis, and as appellant would be entitled to that money, by right of subrogation, he would also be entitled to a surrender and cancellation of his notes, and to a deed from the special commissioner, as prayed for in his bill.

But has Davis been discharged pro rata, or pro tanto, by the decree absolving the Myerses and dismissing them out of the suit? We are of opinion that he has been. While Davis was informed by the record of the defenses interposed by the Myerses in that cause, the decree below had denied them relief thereon, and appellant did not know, at the time of the decrees pleaded in estoppel, that Carr by his conduct, as decided in *Carr* v. *Sutton, supra,* had in fact and in law discharged the Myerses, and thereby deprived Davis of his right of contribution against them. In absolving the Myerses in the case just cited, we applied the general equity rules applicable as between creditor and sureties, depending on no statute, but prevailing at the common law. Many decisions, particularly the older decisions of the courts, seem to hold that any act of the creditor absolving one or more of several sureties operates a discharge of all, and our statute, chapter 101, Code 1913, enacted for the relief of sureties, and particularly section 2, serial section 4394, thereof, seems to go to that extent, at least in cases falling strictly within its provisions.

In the case at bar, however, we take cognizance of the fact that Davis did not appeal, and that at least two decrees stand against him in the several suits above referred to. In view of these facts appellant's counsel do not contend that Davis has been wholly absolved from liability to Carr, but pro tanto only and to the extent that he has been injured by the conduct of Carr in his right of contribution against his co-sureties absolving them.

That Davis has been absolved to the extent of two thirds of the decree against him and his co-sureties, we find well established by the following authorities cited and relied on by counsel, namely, *Hewitt* v. *Adams,* 1 Pat. & H. 34; *Booth* v. *Kinsey,* 8 Grat. 560; *Wright* v. *Stockton,* 5 Leigh 153; Brandt on Suretyship & Guaranty, (3rd ed.) section 439; 1 Story Eq. Jur. (13th ed.) sections 325, 495 to 498a, inclusive;

*Waggener* v. *Dyer,* 11 Leigh 384-391; 27 Am. & Eng. Ency. Law, 527.

But it is strenuously insisted on behalf of Carr that because of the several decrees against Davis and his co-sureties he is concluded by those adjudications. But the law seems to be otherwise. *Boughner* v. *Hall,* 24 W. Va. 249-250; *Wayland* v. *Tucker,* 4 Grat. 267.

And it has been held also by high authority that a surety against whom judgment has been taken will be discharged, at least pro tanto, by the successful appeal of his co-surety. *Myers* v. *Farmer,* 52 Iowa 20; 27 Am. & Eng. Ency. Law, 527. And *Boughner* v. *Hall, supra,* holds, in effect, that equity will in cases like this interfere by injunction to stay the collection by the creditor from the surety of a greater amount than he is equitably bound for, upon the principles herein enunciated.

As appellant obtained good title to the property purchased by him from the defendant Davis, subject to the suit of Carr against him, and upon satisfying the balance justly due Carr from Davis he will be entitled under the decree of sale and purchase by him in said cause to the surrender of his notes given for the deferred payments of purchase money, and to a deed from the special commissioner for the property, we reverse the decree appealed from, and remand the cause for adjustment and settlement of the accounts between the parties in accordance herewith, and for further proceedings to be had herein in accordance herewith, and further according to rules and principles governing courts of equity.

*Reversed and remanded.*